**CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Administrator for Federal Deposit Insurance Corporation**

v.

**Morris WINDHAM.**

Civ. A. No. B–87–00015–CA.

United States District Court,
E.D. Texas,
Beaumont Division.

Feb. 17, 1988.

Glenn H. Steele, Jr., Craig H. Clendenin, Provost, Sheldon, Steele & Hughes, Nederland, Tex., for defendant.

Mark A. Shaiken, Mayer, Brown & Platt, Houston, Tex., for plaintiff.

COBB, District Judge.

### MEMORANDUM OPINION

Pending before the court is Windham's motion for reconsideration of this court's decision to strike the counterclaim asserted by Windham against Continental, which appears at *Continental Illinois National Bank and Trust Co. of Chicago v. Windham*, 668 F.Supp. 578 (E.D.Tex.1987). The facts of this case are fully set out in 668 F.Supp. 578, and will not be repeated here.

Having fully considered the motion papers and arguments of counsel, the court is of the opinion that it correctly decided to strike Windham's counterclaim. However, the court deems it necessary and prudent to state that although it considered Windham estopped from asserting his counterclaim against Continental Illinois National Bank and Trust Company of Chicago, it does not consider its order so far-reaching as to estop or bar the Trustee in Bankruptcy for Beaumont Oil Company from asserting the counterclaim for the exclusive benefit of the creditors of Beaumont Oil Company. This conclusion is supported by the generally accepted proposition that:

> It is the Trustee's duty representing both the bankrupt and his creditors, to realize from the Estate all that is possible for distribution among creditors, and to this end, he may assert claims and collect assets, even though, in many cases, the bankrupt would be estopped.

2A *Collier on Bankruptcy* (14th Ed.1978), § 47.04 at 1744.5.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that Windham's motion for reconsideration is hereby in all things DENIED, and that this court's decision appearing at 668 F.Supp. 578 stands and shall be construed consistently with this opinion rendered today.